# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELEAZAR OLIVA, | : | Civil No. 1:23-CV-01133 |
| Plaintiff, | : | |
| v. | : | |
| HERSHEY ENTERTAINMENT & RESORTS COMPANY, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is the motion filed by Defendant Hershey Entertainment & Resorts Company ("Hershey") to strike paragraphs 11, 12, and 13 of the complaint filed by Plaintiff Eleazar Oliva ("Oliva"). (Doc. 7.) Because Hershey has failed to meet its burden, for the reasons explained herein, the court will deny the motion.

### BACKGROUND[1]

On July 7, 2023, Oliva filed a two-count complaint against Hershey alleging violation of his rights under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* and Pennsylvania law, 51 Pa. Cons. Stat. § 7309.  (Doc. 1.)  Specifically, Oliva alleges that he was harassed and discriminated against during the course of his employment with Hershey because of his military service and, in part, that he was denied promotions and benefits due

---

[1] Any additional necessary factual background is included in the discussion section of this memorandum.

1

to his military service. Plaintiff alleges that this harassment and discrimination began in the fall of 2014 and continued until November 2022, when it effectively forced him to resign. (*Id.* at pp. 4–9.)[2] Oliva was employed with Hershey for a decade, from 2012 to 2022. (*Id.*) But the complaint also references a prior stint during which Oliva worked at Hershey from 2008 to 2010. (*Id.* at ¶¶ 9–11.) Hershey asks to strike from the complaint three paragraphs related to that earlier period of employment.

Oliva states that during his early employment, he notified Hershey that he would depart in the spring of 2010 for military training because he had enlisted in the United States Marine Corps Reserve. (*Id.* at ¶¶ 2, 9–10.) He intended to return to work at Hershey upon completion of training, but when he returned in the winter of 2010, he was informed that the position was no longer available. (*Id.* ¶¶ 10–11.) He alleges that this was the "first of many instances of discrimination toward Plaintiff's military service." (*Id.* ¶ 11.)

Hershey seeks to strike the following three paragraphs from the complaint:

> 11) In the winter of 2010 Plaintiff informed his manager, Ms. Donna Fair, that he was able to return to work. Ms. Fair informed Plaintiff his position was no longer available and told him he could reapply for a new job. This is the first of many instances of discrimination toward Plaintiff's military service.
>
> 12) By the next year, during winter of 2011, Plaintiff was once again employed with Defendant as a part-time storeroom

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

      attendant. Over the next year, Plaintiff attempted to get his "part-time regular with benefits" reinstated as he'd had them in his previous role prior to leaving for military training. Defendant's human resource department denied his request several times stating he was not entitled to those benefits because he "abandoned" his previous role.

13)     Plaintiff rebutted these accusations with letters received from his previous managers while he was away for military training. Ultimately, Plaintiff reached out to the Department of Defense's Employer Support of the Guard and Reserve ("ESGR") for support. As a result of the ESGR's investigation and intervention, and evidence Plaintiff provided, Defendant paid Plaintiff approximately $5,000 in 2012.

(*Id.* ¶¶ 11–13.)

Hershey filed this motion to strike on September 8, 2023, along with its supporting brief. (Docs. 7, 8.) Oliva filed a brief in opposition on September 22, 2023. (Doc. 13.) Hershey filed its reply on October 6, 2023. (Doc. 17.) The motion is ripe for review.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(f), a party can move a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." This rule is "designed to reinforce the requirement in Rule 8 . . . that pleadings be simple, concise, and direct." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2020 update). To that end, the purpose of any motion to strike should be to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into

immaterial matters." *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citation omitted).

Motions to strike should not be used to persuade a court to determine disputed questions of law. *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993) (citations omitted). They also "may not serve as an avenue to procure the dismissal of all or part of a complaint." *Davila v. N. Reg'l Joint Police Bd.*, 979 F. Supp. 2d 612, 624 (W.D. Pa. Oct. 21, 2013), *vacated in part on reconsideration*, 2014 U.S. Dist. LEXIS 102143 (July 28, 2014) (citing *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 530–31 (D.N.J. 2012)).

The burden rests with the moving party to show that the challenged matter should be stricken. *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 496 (W.D. Pa. 2019). Thus, the movant must demonstrate that the matter falls within one of the categories listed in Rule 12(f). "Immaterial" matter is that which "has no essential or important relationship to [any] claim[s] for relief." *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015) (citing *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279 (D. Del. 1995)). "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citation omitted). And "scandalous" matter is that which "casts a derogatory light on someone, uses repulsive language,

4

or detracts from the dignity of the court." *Id.* (citing *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988)).

## DISCUSSION

Hershey argues that the allegations of pre-2014 conduct should be stricken because they are unnecessary, cannot form a basis of relief, and are offered solely to cast Hershey in a negative light. (Doc. 8, pp. 6–8.)

Oliva argues that paragraphs 11, 12, and 13 show the early manifestation of a pattern of disparate treatment. (Doc. 13, p. 9.) He asserts that these details provide necessary background and context for the court, without which any account of Hershey's alleged harassment and discrimination would be incomplete. (*Id.* at 2, 9.) According to Oliva, these three paragraphs are "material, pertinent, and have a logical connection to Plaintiff's claims and the overall relief he seeks." (*Id.* at 10.)

Additionally, Oliva argues that Hershey has provided no legal authority to support its motion. (*Id.*) The present instance, Oliva argues, is similar to *Bryant v. Wilkes-Barre Hospital, Co., LLC*, No. 3:14-CV-1062, 2015 WL 539999 (M.D. Pa. Feb. 10, 2015). (*Id.*) In *Bryant*, the district court denied a motion to strike, finding that plaintiff's claims were not redundant or immaterial. 2015 WL 539990, at *12.

Hershey responds that the present instance is unlike *Bryant* and is instead similar to *Bloom v. Congregation Beth Shalom*, 2014 WL 356624, at *3–4 (W.D.

Pa. 2014).  In *Bloom*, the plaintiff's allegation was that, upon being promoted to executive director in June 2010, she was paid less than her male predecessor.  *Id.* at *3.  Despite her claim relating to disparate treatment in the form of wages beginning in mid-2010, the plaintiff's complaint included allegations of sexual harassment and an alleged sexually hostile work environment dating to 2003.  *Id.* at *4.  The court granted a motion to strike the earlier allegations because they were of a different nature and bore no connection to plaintiff's claims.  *Id.*

As the court noted in *Bloom*, motions to strike, brought under Rule 12(f), are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues."  2014 WL 356624, at *3 (citation omitted); *see also Bryant*, 2015 WL 539999, at *5.

In *Bloom*, the amended complaint was 113 pages and went "far beyond" the pleading standard of the Federal Rules of Civil Procedure.  2014 WL 356624, at *1.  Accordingly, the court struck the portions that dated back five years before the complained-of conduct, alleged discrimination that was fundamentally different from the claims plaintiff raised in the causes of action, and were impertinent and scandalous insofar as they named specific people unrelated to the claims in a way that could only serve to disparage or embarrass those mentioned.  *Id.* at *3–4.  But the court refused to strike paragraphs showing prior evidence of a hostile

workplace insofar as it was related to the claims before the court. *Id.* at *4. It also refused to strike allegations that did not appear to relate to the claims before the court, but which would not be prejudicial. *Id.* at *5.

Oliva argues that the offending paragraphs show a pattern of disparate treatment based on military service. The court concludes that the facts alleged in these paragraphs, dating to 2010 and 2011, may be related to the discrimination Oliva alleges from 2014 to 2022. Moreover, they are neither scandalous nor impertinent. They only mention specific individuals insofar as they assert that Ms. Fair informed Oliva that his former position was no longer available, and he could apply for a new position. Such an assertion does not appear on its face to disparage or embarrass Ms. Fair or to have such a purpose.

## CONCLUSION

The court finds that Hershey has failed to show that paragraphs 11, 12, and 13 are redundant, immaterial, impertinent, or scandalous. Therefore, the court will deny its motion. An appropriate order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: January 26, 2024